**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 23-11397

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

GEORGE B. SCHNEIDER,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cr-00185-CEM-RMN-1

_____

Before Branch, Brasher, and Abudu, Circuit Judges.

PER CURIAM:

George Schneider appeals his 151-month sentence for distribution of child pornography. He argues that (1) the district court erred in calculating his guidelines range by applying a

2                        Opinion of the Court                        23-11397

five-level sentencing enhancement under U.S.S.G. § 2G2.2(b)(7)[1] after deferring to the Sentencing Guidelines' commentary and finding that each of the 17 videos involved in his offense counted as 75 images, and (2) the district court erred by failing to orally pronounce the standard conditions of supervised release at sentencing.

We recently held in *United States v. Kluge*, that U.S.S.G. § 2G2.2(b)(7) was unambiguous and therefore deference to the commentary is inappropriate. 147 F.4th 1291, 1299 (11th Cir. 2025). We explained that "the plain meaning of § 2G2.2(b)(7) unambiguously instructs that each video frame that contains child pornography counts as one 'image' for purposes of calculating any sentencing enhancement." *Id*. In light of that holding, the district erred in deferring to the guidelines commentary in determining Schneider's enhancement under § 2G2.2(b)(7). *See id*. Because there is no indication in the record as to how many of the video frames in each of the 17 videos contained child pornography, we vacate Schneider's sentence and remand for the district court to

---

[1] U.S.S.G. 2G2.2(b)(7) sets forth a maximum five-level enhancement if the offense involved 600 or more images. The guidelines' commentary provided that "[e]ach video, video-clip, movie, or similar visual depiction shall be considered to have 75 images." *See* U.S.S.G. § 2G2.2 cmt. (n.6(B)(ii)).

23-11397                Opinion of the Court                3

make such a determination, recalculate the guidelines range, and resentence Schneider.[2]

**VACATED AND REMANDED.**

---

[2] Because we vacate Schneider's sentence and remand for resentencing, we need not address the second issue he raises on appeal—the district court's failure to orally pronounce the standard conditions of supervised release. *But see United States v. Hayden*, 119 F.4th 832, 838 (11th Cir. 2024) ("A reference to a written list of conditions is enough to afford a defendant the opportunity to challenge the conditions of supervised release, which is all that due process requires."); *United States v. Rodriguez*, 75 F.4th 1231, 1246 (11th Cir. 2023) ("By referencing at sentencing a written list, the court affords any defendant who is unfamiliar with the conditions the opportunity to inquire about and challenge them.").